**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

WILDWOOD PARTNERS, LLC                                                                                    PLAINTIFF

v.                                            NO. 4:11CV00355 JLH

CITY OF LITTLE ROCK, ARKANSAS                                                                      DEFENDANT

**OPINION AND ORDER**

Wildwood Partners, LLC, brings this action against the City of Little Rock, Arkansas, seeking a declaratory judgment declaring that the City has deprived Wildwood of its property without due process of law, has taken property without just compensation, and has violated its rights to equal protection of the law. Wildwood also seeks money damages and injunctive relief. The City has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, the City requests the Court to abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

Wildwood owns a tract of land in western Pulaski County, Arkansas, in the area commonly known as the Chenal Valley area. Wildwood has proposed to develop a residential subdivision bordered on the north by Chenal Valley Drive, on the east by Gordon Road, on the south by Sezanne subdivision, and on the west by property owned by Deltic Timber Corporation, which has developed a significant portion of the Chenal Valley area. The only access to the proposed subdivision, according to the complaint, is through Gordon Road.

Wildwood's problem, as it is described in the complaint, dates back to an ordinance adopted by the City on February 20, 2001, which purported to close some or all of Gordon Road. As the ordinance has been recorded in the real estate records of Pulaski County, it is difficult to say what part of Gordon Road was closed. The title of the ordinance says that it is "vacating and closing a

portion of Gordon Road between Gordon Road and Chenal Valley Drive," while the text says that the City vacates and abandons all its rights to: "All that portion of Gordon Road between Chenal Valley Drive (Loop) and Chenal Valley Drive. (see attached Exhibit "A")." No Exhibit "A" is attached to the ordinance as it is recorded in the real estate records.[1]

According to the complaint, the City has lost the pertinent documents other than the ordinance, but a recording of the meeting of the Little Rock Board of Directors and the Little Rock Planning Commission at which the ordinance was enacted reflects that the ordinance was intended to "close Gordon Road through the golf course." The complaint does not allege where "the golf course" lies in relation to the subdivision that Wildwood proposes to build, but at oral argument counsel for Wildwood stated that the golf course was north of the area where the Wildwood subdivision would be built, so that if the only portion of Gordon Road that was closed was the portion that went through "the golf course," the portion that would abut the proposed Wildwood subdivision was not closed.

Nevertheless, according to the complaint, the City attorney interprets the ordinance to close all of Gordon Road. Based on that interpretation of the 2001 ordinance, the proposed Wildwood subdivision does not have access through a public street, so the City attorney recommended that the Little Rock Planning Commission not approve the plat for the proposed subdivision. The Planning Commission rejected the City attorney's advice and approved the plat. The City has appealed that decision to the Circuit Court of Pulaski County, Arkansas. The City attorney has also instructed the

---

[1] The City has said that Exhibit "A" is located in the City file, even though it is not filed in the real estate records, and that Exhibit "A" shows that all of Gordon Road was to be closed. Exhibit "A" is not part of the record in this case, however.

staff of the Planning Commission not to issue any building permits for the proposed subdivision because it has no access through a public street.

Wildwood's complaint contains three counts. Count I seeks a declaratory judgment declaring that the City's actions result in a taking of "the legal access and a taking of Gordon Road without due process of law and without just compensation," and violated Wildwood's right to equal protection. Wildwood also seeks a declaration that the City's actions violated the laws of the State of Arkansas. Count II seeks an injunction to prevent the City from engaging in further acts of violation of state law and Wildwood's constitutional rights. Count III seeks damages based on the fact that Wildwood has been deprived of legal access to the proposed subdivision.

After reviewing the briefs, hearing oral argument, and reviewing much of the applicable case law, the Court has decided that the best course of action in this case is to abstain pursuant to *Younger*. The Eighth Circuit has explained:

> The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.

*Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). The parties agree that three actions are pending in state court relating to the subject matter of this litigation. As noted, the City has appealed the decision of the Planning Commission to the Circuit Court of Pulaski County. In addition, Wildwood has commenced a declaratory judgment action in the Circuit Court of Pulaski County asking for a declaration that the 2001 ordinance did not close the portion of Gordon Road that would provide access to the proposed subdivision. Those two proceedings will resolve issues that lie at the heart of this action—whether the 2001 ordinance closed the portion of Gordon Road that would provide access to Wildwood's proposed subdivision and whether the proposed subdivision can be developed.

The third action is an eminent domain action brought by an improvement district formed by the incorporator of Wildwood against Deltic Timber seeking to acquire access to the subdivision by means of imminent domain pursuant to Ark. Code Ann. § 14-94-112 (West 2004). It is thus undisputed that there are ongoing state proceedings concerning the subject matter of this action.

As to the second element of *Younger* abstention, the Eighth Circuit has said, "It is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land use regulations is an important state and local interest." *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 480 (8th Cir. 1998). The issues here obviously present issues of land use resolution. Wildwood wishes to develop a subdivision and has presented a plat to the Planning Commission, which approved the plat. The City, through its attorney, however, contends that the subdivision should not have been approved and cannot be developed because no access through a public road is available due to the fact that Gordon Road was closed in 2001. Wildwood contends that it can build the subdivision because Gordon Road was not properly closed with respect to the part that could provide access to the proposed subdivision. These are important land use issues and important concerns for the state and local governments to address.

As to the third element, whether there is an adequate opportunity to raise relevant federal questions in the state proceedings, Wildwood has conceded that it can raise its federal questions in the state proceedings, though it has not done so to date.

Wildwood argues that the Court should not abstain because there has been a showing of bad faith and harassment. *See Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004) (federal courts should not abstain where bad faith, harassment, or extraordinary circumstances make abstention inappropriate). Despite making this argument, Wildwood has not pointed to any allegation in the

complaint that would show bad faith or harassment on the part of the City, nor does its brief indicate what actions performed by the City constitute bad faith or harassment. From the complaint and the moving papers filed by both parties, it appears that this case presents a good faith dispute about the meaning of a poorly drafted ordinance adopted more than ten years ago. Nothing presented to the Court shows that the City has acted in bad faith or has harassed Wildwood, nor are there any extraordinary circumstances that make it inappropriate for the Court to abstain.

## CONCLUSION

For the reasons stated, the Court will abstain in this case pursuant to *Younger v. Harris*. Because the complaint seeks, among other things, money damages, the Court will not dismiss the complaint but will stay this action. *See Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d at 481 (a stay is the appropriate mode of abstention where damages are sought). The Court directs the Clerk of the Court to terminate this action administratively. Because this action is not dismissed but is only stayed and terminated administratively, either party may move to reopen this case within thirty days after both the action appealing the Planning Commission and the declaratory judgment action regarding the effect of the 2001 ordinance are finally resolved.

The motion to dismiss is denied as moot. If the Court enters an order reopening this case, the City may renew its motion to dismiss or file a responsive pleading within thirty days after entry of the order reopening this case.

IT IS SO ORDERED this 6th day of October, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE